UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

September 5, 2018

Anthony M. Rainone, Esq.
Eric Magnelli, Esq.
Brach Eichler L.L.C.
101 Eisenhower Parkway
Roseland, NJ 07068-1067
*Counsel for Plaintiffs and Third-Party Defendant*

Bradley Mark Parsons, Esq.
Jennifer Chang, Esq.
Kroll Heineman Carton, LLC
99 Wood Avenue South, Suite 307
Iselin, NJ 08830
*Counsel for Defendant*

## LETTER ORDER FILED WITH THE CLERK OF THE COURT

Re: **Nacirema Demolition & Recyling Inc. v. N.J. Building Laborers Statewide Benefit Funds**
**Civil Action No. 18-2692 (SDW) (LDW)**

Counsel:

Before this Court is Third-Party Defendant CLNV, LLC's ("CLNV") Motion to Dismiss Defendant New Jersey Building Laborers Statewide Benefit Funds' (the "Funds") Third-Party Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, denies CLNV's motion.

## DISCUSSION

A. Standard of Review

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> B. The Third-Party Complaint Sufficiently States a Claim Upon Which Relief Can be Granted

The instant matter revolves around monies allegedly owed by Nacirema Environmental Services, Inc. ("NES") to the Funds pursuant to a collective bargaining agreement ("CBA") between NES and the New Jersey Building Construction Laborers' District Council (the "Union"). Plaintiffs Nacirema Demolition and Recycling, Inc. ("NDR"), John Cherchio ("Cherchio"), and Andrew Romanello ("Romanello") brought suit in February 2018 for declaratory judgment that they had no legal relationship to NES that would obligate them under the CBA. (Dkt. No. 1.) The Funds subsequently filed a third-party complaint against CLNV seeking a declaratory judgment that CLNV acted as an alter ego and/or single integrated enterprise with NDR, Cherchio and Romanello and could be bound by the arbitration provisions in the CBA. (Dkt. No. 21.)

CLNV moved to dismiss the Third-Party Complaint on July 12, 2018, alleging that it failed to sufficiently allege the alter ego or integrated enterprise/single employer theories of liability. (Dkt. No. 28-1.) The facts alleged in the third-party complaint, however, are adequate to sustain the Funds' claims at this stage of the proceedings. The Third-Party Complaint alleges generally that CLNV shared "substantially identical business purposes, operations, management and supervision" with NDR, and by extension, NES, and further details the nature of those ties, including the services offered, shared principals and managers, and property used by all entities. (Dkt. No. 21 ¶¶ 23-27.) This is sufficient to survive CLNV's motion to dismiss.

**CONCLUSION**

Third-Party Defendant CLNV's Motion to Dismiss is **DENIED**. An appropriate order follows.

             ___/s/ Susan D. Wigenton_____
             **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc:  Parties
    Leda D. Wettre, U.S.M.J.